[No. 17122. Department One. January 19, 1923.]

AUGUST MATTSON, *by his Guardian ad Litem John Soderman, Respondent,* v. CARLISLE PACKING COMPANY, *Appellant.*[1]

MASTER AND SERVANT (124)—INJURIES TO SERVANT—NEGLIGENCE—PLEADING NOTICE OF DEFECTIVE APPLIANCES. In an action by a roof painter for personal injuries, it is not necessary to allege that the defective condition of a ladder was known to the defendant, where the one furnished was defective.

SAME (99, 109, 161, 163)—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISKS—QUESTION FOR JURY. A roof painter is not negligent, as a matter of law, and does not assume the risk, in using a ladder without investigating its fastenings, which were over the peak of the roof, where he found it already in place, as he had on previous occasions.

SAME (63)—NEGLIGENCE OF FELLOW SERVANT—DELEGATION OF DUTY. That a fellow servant placed and fastened a ladder from which a painter fell does not preclude a recovery where it was put in place and fastened as a foreman had directed.

SAME (135)—INJURY TO SERVANT—SAFE APPLIANCES—EVIDENCE—ADMISSIBILITY. In an action by a roof painter for injuries sustained in a fall from a defectively placed ladder, evidence is admissible as to the customary manner of fastening the ladders, and that all the other ladders used on the work were so fastened.

DAMAGES (80)—PERSONAL INJURIES—EXCESSIVE VERDICT. A recovery for $5,000 for injuries sustained by a roof painter in a fall is not excessive, where his knee was so injured as to incapacitate him as a common laborer.

[1] Reported in 212 Pac. 179

Appeal from a judgment of the superior court for King county, Brinker, J., entered December 6, 1921, upon the verdict of a jury rendered in favor of the plaintiff for $8,500, in an action for personal injuries sustained by an employee through a defective ladder. Reversed, unless $3,500 is remitted.

*Roberts & Skeel,* for appellant.

*Walter S. Fulton* and *Carl J. Smith (Robert G. Cauthorn,* of counsel), for respondent.

Fullerton, J.—Respondent, August Mattson, acting through a guardian, brought this action against the appellant, Carlisle Packing Company, for damages for personal injuries received while working as a laborer for appellant on July 31, 1920, at appellant's plant at Cordova, Alaska. A trial was had in the court below, resulting in a jury verdict for respondent for $8,500, upon which judgment was entered. Motions for a judgment notwithstanding the verdict and for a new trial were denied, and this appeal was taken.

Respondent alleged in his complaint that he was employed by the appellant as a laborer, but was required to work painting the roof of a shed built upon a wharf; that, upon going upon the roof, he found a ladder in place, as an appliance or scaffolding for him to stand upon while at work, and that while so engaged at work, the ladder, being improperly made and insecurely fastened, slid off the roof, precipitating respondent to the wharf twelve or fifteen feet below, causing severe injuries to his body which will permanently incapacitate him from manual labor. Negligence of appellant is charged in commanding the respondent to work as a roof-painter, in which line of work he was inexperienced, and in failing to provide him with safe appliances and a safe place in which to work.

Appellant interposed three defenses: Contributory negligence, assumption of risk, and fellow servant, and now insists that all three of these defenses were proven by the plaintiff's testimony. There is evidence tending to prove all these defenses, it is true, but, on the other hand, there is also direct evidence which would, if believed, disprove them.

It is first contended that there was no allegation in the complaint that the defective condition of the ladder was known to appellant. This court has held that such an allegation is unnecessary where the appliance when furnished was defective. In *Lund v. Griffiths & Sprague Stevedoring Co.,* 108 Wash. 220, 183 Pac. 123, it is said:

"It being the positive duty of the master to furnish his servants with reasonably safe appliances with which to do their work, it is sufficient, in an action to recover for a breach of this primary duty, to allege facts which show the duty and its breach; it is not necessary to go farther and specifically allege that the master knew, or by reasonable diligence would have known, that he had breached his duty."

Respondent testified that he found the ladder in place on the roof when he went up to paint on the day of the accident, and that he did not examine it to determine whether or not it was fastened. He stated further that he had painted on the roof at other times, invariably using ladders already in place. While he and others of his witnesses were contradicted upon this point, the weight to be given the evidence was for the jury. Neither can we say, as a matter of law, that he was guilty of contributory negligence, that also being a question of fact to be determined by the jury. His testimony was that he found the ladder in place and that he thought it was perfectly safe. Inasmuch as he had previously done work on ladders to all appear-

ances, as he states, the same as this one, it cannot be said that his failure to investigate its fastenings, which were over the peak of the roof from the place where he was working, would of itself render him guilty of contributory negligence. Appellant also contends that the defects were open and apparent to him, but the evidence is not conclusive on this point.

What we have said above also answers the argument of counsel that assumption of risk was proven so conclusively as to leave no question for the jury.

The doctrine of fellow servant is invoked under the theory that the ladder was made and put in place by one Barton, a co-worker. However, Barton's testimony was that he made the ladder and put it in place under the direction of a foreman of the appellant, fastening it as the foreman directed it to be fastened. While he was directly and flatly contradicted by the foreman, and by further testimony on behalf of appellant tending to prove the absence of the foreman from the plant on that day, yet the evidence made it a question for the jury whether the ladder was furnished by the master or was furnished by a fellow servant.

Error is predicated upon the admission of the testimony of experts to show how ladders are ordinarily secured by roof painters. This testimony was purely cumulative, as it was shown that all ladders in use on this work were secured as the experts testified they should be, except the one in question. The evidence was admissible to aid the jury in determining whether the ladder in question was a safe appliance or not.

The final contention is that the verdict is excessive. The respondent's injuries were severe, and have probably resulted in such an injury to his right knee as to render him incapable of following generally the occupation of a common laborer. But he is not shut out from all gainful occupations, and we think the sum of

$5,000 would fully compensate him for his losses. If, therefore, the appellant will, within thirty days after the remittitur from this court reaches the trial court remit from the judgment all in excess of $5,000 and the costs of the action, the judgment will stand affirmed for these sums, otherwise a new trial will be granted. Neither party will recover costs in this court.

PARKER, MITCHELL, and TOLMAN, JJ., concur.